NOT FOR PUBLICATION

FEB 27 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL R. SCOTT,<br><br>              Petitioner - Appellant,<br><br>   v.<br><br>M. C. KRAMMER and ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA,<br><br>              Respondents - Appellees. | No. 11-16175<br><br>D.C. No. 2:07-cv-02729-LKK-JFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Submitted February 12, 2013[**]
Stanford, California

Before: FARRIS, THOMAS, and N.R. SMITH, Circuit Judges.

   Petitioner Michael Scott appeals the district court's dismissal of his petition

for habeas corpus relief.  We review the district court's denial of a habeas petition

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

de novo. *Lopez v. Schriro*, 491 F.3d 1029, 1036 (9th Cir. 2007) (citing *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 1991), *cert. denied sub nom.*, *Barker v. Spalding*, 547 U.S. 1138 (2006)). We have jurisdiction under 28 U.S.C. §§ 1291, 2253, and we affirm.

Scott contends that his conviction is unconstitutional because the prosecutor's use of peremptory challenges to strike African-American venirepersons violated his right to equal protection as well as the equal protection rights of the dismissed potential jurors. *See Powers v. Ohio*, 499 U.S. 400, 415 (1991); *Batson v. Kentucky*, 476 U.S. 79 (1986). Because Scott's claim was adjudicated on the merits by the state court, our review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254(d). Scott contends that in determining that the prosecutor did not violate *Batson* or the equal protection rights of the dismissed potential jurors, the state court unreasonably applied "clearly established Federal law" and rested its conclusion on "an unreasonable determination of the facts." *Id.*

The Supreme Court's decision in *Batson* prohibits the use of race-based peremptory challenges and requires a court to undertake a three-step inquiry when a litigant's use of challenges is contested. *Batson*, 476 U.S. at 96-98. Scott challenges the state court's determination of the second and third steps.

2

Scott contends that the California Court of Appeal unreasonably applied "clearly established Federal law, as determined by the Supreme Court" when, at *Batson*'s second-step, it accepted the prosecutor's race-neutral explanations as valid. 28 U.S.C. § 2254(d)(1). One of Scott's claims is that the prosecutor's reliance on prospective jurors' negative experiences with law enforcement, while facially race-neutral, ran afoul of the Supreme Court's prohibition in *Batson* because that factor is merely a proxy for race. *See Hernandez v. New York*, 500 U.S. 352, 371-72 (1991); *United States v. Bishop*, 959 F.2d 820, 825-26 (9th Cir. 1992).

Scott premises the substance of his argument on this Court's decision in *Bishop*. But *Bishop* dealt with a federal defendant before the enactment of AEDPA, 959 F.2d at 823 n.4, and so the requirement that we find a violation of "clearly established Federal law, *as determined by the Supreme Court*" did not apply, 28 U.S.C. § 2254(d)(1) (emphasis added). As *Bishop* noted, "[t]he Supreme Court has never directly addressed" the issue of whether *Batson* prohibits basing peremptory challenges on proxies for race. *Bishop*, 959 F.2d at 823. In *Hernandez*, the Court discussed, but did not decide, whether *Batson* encompassed such a prohibition. *Hernandez*, 500 U.S. at 1866-67. AEDPA bars relief. *See* 28 U.S.C. § 2254(d).

3

Regarding the prosecutor's other reasons for striking particular African-American venirepersons, it was not unreasonable for the state court to determine that they were valid. *See* 28 U.S.C. § 2254(d)(1).

Scott also challenges the California Court of Appeal's analysis at *Batson*'s third-step, fact-based inquiry into "whether counsel's race-neutral explanation[s] for a peremptory challenge should be believed." *Hernandez*, 500 U.S. at 365 (*quoting Washington v. Davis*, 426 U.S. 229, 242 (1976)). Under AEDPA, we can only disturb a state court's factual determinations if they are unreasonable. 28 U.S.C. § 2254(d)(2). A state court's factual determinations are not unreasonable if reasonable minds could disagree. *Wood v. Allen*, 130 S. Ct. 841, 849 (2010). Here, the comparative juror analysis shows that the prosecutor applied his stated reasons across racial lines. It was not unreasonable for the state court to conclude that the prosecutor's reasons were not a pretext for discrimination. *See* 28 U.S.C. § 2254(d)(2); *Wood*, 130 S. Ct. at 849; *Hernandez*, 500 U.S. at 364-65.

The California Court of Appeal did not unreasonably determine that the prosecution's use of peremptory challenges lacked a discriminatory motive. Contrary to Scott's assertions, it did not unreasonably interpret *Batson* in dismissing the petition. *See* 28 U.S.C. § 2254(d)(1).

4

Scott also claims that the prosecutor's peremptory challenges violated the equal protection rights of the dismissed African-American prospective jurors. Regardless of whether he has standing to pursue this third-party claim, it fails on the merits for the same reasons as his *Batson* claim. *See* 28 U.S.C. § 2254.

**AFFIRMED**